JOHN C. BEIERS, COUNTY COUNSEL (SBN 144282)
By: David A. Levy, Deputy (SBN 77181)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4756
Facsimile: (650) 363-4034
E-mail: dlevy@smcgov.org

Attorneys for Defendant
Officer Chris Sanchez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>OFFICER CHRIS SANCHEZ,<br>REDWOOD CITY ADULT PROBATION,<br>MUNICIPALITY OF REDWOOD CITY,<br><br>          Defendant. | Case No. CV 14 0062 RS<br><br>**DEFENDANT'S REQUEST FOR POSTPONEMENT OF CASE MANAGEMENT CONFERENCE AND ADR PROCESS SELECTION; DECLARATION OF DAVID A. LEVY IN SUPPORT THEREOF; [~~PROPOSED~~] ORDER** |

Defendant DEPUTY PROBATION OFFICER CHRIS SANCHEZ request that the Court postpone the Case Management Conference in this matter currently set for April 10, 2014 at 10:00 a.m., and requests postponement of the time to select a proposed ADR process.

The request is made on ground that defendant's Motion for Summary Judgment and/or Summary Adjudication hearing is set for April 17, 2014 in this Court, and that may well either eliminate the need for a Case Management Conference or Alternative Dispute Resolution process, or significantly impact the scope of either proceeding, depending on the Court's ruling on the motion. Further, postponing the Case Management Conference and a determination of ADR process may well conserve both judicial resources as well as those of the parties.

Plaintiff has been unwilling to stipulate, despite exchange of numerous e-mails discussing the issue. At one point plaintiff agreed to stipulate to postpone the determination as to the ADR process, but did not expressly state his agreement to request continuance of the Case Management Conference. This

morning, he advised that he thought "a positive recommendation from the mediator will would have some weight with the judge's decision on summary judgment." Defense counsel tried to explain that mediation was completely independent of summary judgment, but he would not change his mind. In fairness, plaintiff is not an attorney and is representing himself, and so he may not understand completely how either process works. Defendant's counsel explained that this request would be made, and that plaintiff's position would be conveyed, and plaintiff thanked defense counsel for doing so.

There has been no previous request for continuance of the Case Management Conference or determination as to ADR process. Defendant submits that this will not delay the litigation in the case, and may result in a reduction of time and expense by the Court and parties.

Wherefore, it is requested that the Court continue the Case Management Conference for approximately 30 days, consistent with the Court's calendar, and postpone the parties' requirement to agree upon an ADR Process, or institute a telephone conference with the Court's ADR staff until approximately 15 days prior to the new Case Management Conference Date.

Dated: April 3, 2014                                JOHN C. BEIERS, COUNTY COUNSEL


By:      /s/
       DAVID A. LEVY

Attorneys for Defendant
OFFICER CHRIS SANCHEZ


**DECLARATION OF DAVID A. LEVY**

DAVID A. LEVY declares:

1. I am an attorney at law licensed to practice in the United States District Court for the Northern District of California, and all California courts, and am attorney of record for defendant Officer Chris Sanchez herein.

2. The Court ordered a Case Management Conference in the instant matter to be held on April 10, 2014 at 10:00 a.m. in the matter, a date which triggers meet and confer and filing requirements.

3. A Summary Judgment and/or Summary Adjudication hearing is set for April 17, 2014 at 1:30 p.m. in this court.

4. Plaintiff is not represented by counsel, but represents himself in this matter.

5. A postponement of the currently scheduled case management conference and date will allow the Court to decide the pending motion for Summary Judgment and/or Summary Adjudication, which potentially will dispose of the case. It is possible the motion would eliminate the need for the Case Management Conference or the selection of a method of ADR.

6. Plaintiff has been unwilling to stipulate, despite exchange of numerous e-mails discussing the issue. At one point plaintiff agreed to stipulate to postpone the determination as to the ADR process, but did not expressly state his agreement to request continuance of the Case Management Conference. This morning, he advised that he thought "a positive recommendation from the mediator will would have some weight with the judge's decision on summary judgment." I tried to explain that mediation was completely independent of summary judgment, but he would not change his mind. In fairness, plaintiff is not an attorney and is representing himself, and so he may not understand completely how either process works. I explained that this request would be made, and that plaintiff's position would be conveyed, and plaintiff thanked me for doing so.

7. No previous continuances of the currently scheduled Case Management Conference have been sought or obtained.

I declare under penalty of perjury that the foregoing is true and correct and is executed on April 3, 2014 in Redwood City, California.

By: _____/s/_____
DAVID A. LEVY

## ORDER

The foregoing stipulation is hereby made an order of the court. The Case Management Conference currently set for April 10, 2014 shall be continued to  May 8, 2014  at 10:00 a.m. The parties will not be required to select an ADR process until further notice from the Court.

Dated:  4/4/14

_____
The Honorable Richard Seeborg
Judge of the U.S. District Court