IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PEDRO RODRIGUEZ,

        Plaintiff,

  v.

CHRIS SANCHEZ,

        Defendants.
_____/

No. C 14-0062 RS

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Pedro Rodriguez, appearing *in pro per*, filed this action on January 6, 2014, against Chris Sanchez, a deputy probation officer employed by the San Mateo County Probation Department.[1]  Rodriguez alleged that Officer Sanchez violated his constitutional rights by purportedly changing the conditions of his prison release from "O.R." to "Supervised O.R." without authority and in disregard of due process.  On January 13, 2014, the California Court of Appeal that had ordered Rodriguez's release in the first instance issued a decision confirming that he was

---

[1] The caption of the complaint refers to "Redwood City Adult Probation, Municipality of Redwood City."  These terms appear intended merely to identify Officer Sanchez, as the caption refers to "defendant" in the singular, and the body of the complaint does not identify any other defendants. The listing of "Redwood City Adult Probation" and "Municipality of Redwood City" in the Court's docket as separate defendants is therefore erroneous, and will be disregarded.  Additionally, even assuming Rodriguez intended to name additional entities as defendants, the claims would fail for the same reasons set forth in this order.  Accordingly, this ruling disposes of the case in its entirety.

subject to post-release supervision. Rodriguez nevertheless contends he is entitled to maintain this action on the theory that between the time he was released on December 24, 2013, and the appellate court's ruling on January 13, 2014, Officer Sanchez could not "change" the terms of his release on his "own authority."

The undisputed facts show that Officer Sanchez is entitled to summary judgment for at least two reasons. First, and most fundamentally, Officer Sanchez did nothing to "change" the terms of Rodriguez's release. The appellate court's original order directing the release was silent as to whether Rodriguez would be subject to supervision, stating only that he was to be released "on his own recognizance." See Order dated December 16, 2013, RJN Exh. A. California law, however, provided that under the circumstances, Rodriguez was subject to post-release community supervision (PRCS). Cal. Penal Code §§ 3450, *et seq*. The fact that the PRCS condition was not expressly mentioned in the appellate court's December 16th order did not exempt Rodriguez from its applicability.

Indeed, the appellate court's January 13, 2014 order confirmed exactly that principle, stating, "Rodriguez is a person released from prison after serving a prison term for a felony. He is therefore subject to supervision by state and/or county authorities. (See e.g., Pen. Code, § 3450 et seq.)" RJN Exh D (emphasis added). Rodriguez misconstrues the January 13th order as having *imposed* a supervision requirement for the first time. In fact, the order merely explained that Rodriguez's motion for injunctive relief in that court was without merit because he already was subject to supervision under California law, and not as the result of any unauthorized "change" by Officer Sanchez.

Rodriguez appears to contend that because his appeal remained pending and his underlying conviction remained subject to possible reversal, PRCS conditions could not apply. The appellate court's January 13th order, however, effectively rejects any such interpretation of California law. While Rodriguez also suggests that order was erroneous, the court's application of California law is not subject to collateral attack in a proceeding such as this. *See Reusser v. Wachovia Bank,* 525 F.3d 855, 859 (9th Cir. 2008) (The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court

2

judgment.")(citation and quotations omitted); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923).

Second, Officer Sanchez plainly would be entitled to qualified immunity in any event. At the very most, the original release order was ambiguous as to whether a supervision condition applied, and Officer Sanchez reasonably concluded that it did, under the terms of the Penal Code.

In opposing summary judgment, Rodriguez argues the motion misstates the status of the state court criminal appeal and he complains of various other alleged improprieties in the underlying trial and sentencing. Rodriquez offers nothing, however, to dispute any of the material facts as discussed herein. Accordingly, the motion for summary judgment must be, and is, granted. A separate judgment will enter.

IT IS SO ORDERED.

Dated: 4/29/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE